UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK K. ARNESS,

      *Petitioner*,

v.

LLOYD J. AUSTIN III[1] *et al.*,

      *Respondents*.

Civil Action No. 18-1796 (TJK)

## MEMORANDUM OPINION

    Mark Arness petitions for a writ of mandamus ordering the Air Force Discharge Review Board (AFDRB) to review and grant his application to upgrade his discharge from service. Respondents have moved to dismiss for, among other things, lack of subject-matter jurisdiction, arguing that Arness has not shown that the AFDRB has a clear, nondiscretionary duty to take any further action on his application. For that reason, the Court will grant Respondents' motion and dismiss the case for lack of subject-matter jurisdiction.

    In December 2010, Arness was discharged from the Air Force under other than honorable conditions after a court-martial proceeding in which he was convicted of several specifications of absence without leave, making false statements, and conduct unbecoming an officer. ECF No. 1 ¶¶ 4–9. About a year later, however, an Air Force official informed him that he had been erroneously discharged before the resolution of his pending disability claim that stemmed from a serious bicycle accident. *Id.* ¶¶ 2–3, 10. In response, Arness petitioned the Air Force Board for Correction of Military Records (AFBCMR) for, among other things, "revocation of his [under

---

[1] Under Federal Rule of Civil Procedure 25(d), Lloyd J. Austin III is automatically substituted as a respondent for James N. Mattis.

other than honorable conditions] discharge; a change in his service characterization to General (under honorable conditions) should [it] find . . . an Honorable discharge [unwarranted] . . . and amendment of the narrative reason for separation." *Id.* ¶13; *see also id.* ¶ 11; ECF No. 16-2 at 3 (characterizing his petition as requesting that his "Under Other Than Honorable Conditions . . . discharge be changed to a medical retirement").² In August 2013, the AFBCMR denied his application because it "did not demonstrate the existence of material error or injustice." ECF No. 1 ¶ 14. In September 2013, Arness requested reconsideration of that decision. *Id.* ¶ 17.

In October 2013, Arness turned to the AFDRB and again sought correction of his discharge record, citing his disabling injuries and alleging errors in the medical evaluation processes. *Id.* ¶ 15. He requested, among other things, that the AFDRB "upgrade his discharge to at least General Under Honorable Conditions and amend the narrative reason for his separation." *Id.* But later that month, the AFDRB notified him "that because he had an active case before the AFBCMR for the same issues and that the AFBCMR was a higher authority, he could not file a request with the AFDRB." *Id.* ¶ 16. Thus, the "AFDRB took no action on his petition." *Id.* A few days later, Arness again requested reconsideration from the AFBCMR. *Id.* ¶ 17. In February 2014, the AFBCMR notified Arness that it had denied both of his requests for reconsideration. *Id.* And in March 2014, the Air Force Review Boards Agency (the "Agency") informed Arness that "the AFDRB could not process his petition because the AFBCMR had already reviewed his case and that the AFBCMR was the highest level of appellate review." *Id.* ¶ 18.

---

² A court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharmaceuticals, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Arness's counsel wrote to the Agency a few months later, in July 2014. He acknowledged that he "was aware that the AFBCMR is the highest level of administrative review in the Air Force . . . [and] that if one requests the AFBCMR to upgrade a discharge it may have the effect of barring review by the AFDRB." *Id.* ¶ 19. Still, he argued that Arness's AFBCMR petition did not preempt review by the AFDRB because Arness had not requested any relief that the AFDRB could grant. *Id.* In response, the Agency explained that Arness had indeed asked the AFBCMR for the same relief—a discharge upgrade—that he sought from the AFDRB, and it therefore could not review his case. *Id.* ¶ 20.

In March 2016, Arness sued in the Court of Federal Claims over the AFBCMR's decision, and the court remanded to the AFBCMR to address whether Arness was entitled to a medical retirement. *Id.* ¶ 23; *Arness v. United States*, No. 16-cv-387 (NBF), ECF No. 13 (Fed. Cl. Aug. 23, 2016). After additional administrative proceedings, the AFBCMR determined that Arness had no right to relief, *Arness v. United States*, No. 16-cv-387, ECF No. 21 at 24–28 (Fed. Cl. Aug. 18, 2017), and the court dismissed the case in October 2017, *id.*, ECF No. 23 (Fed. Cl. Oct. 6, 2017).

Not long afterward, Arness filed the instant petition, asking this Court to issue a writ of mandamus. ECF No. 1. Respondents then moved to dismiss for, among other things, lack of subject-matter jurisdiction because Arness did not identify a clear, nondiscretionary duty with which the AFDRB had failed to comply. ECF No. 16.

To survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). While the Court must accept as true all the factual allegations in the complaint when reviewing such a motion, *Leatherman v. Tarrant Cty.*

3

*Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993), because the plaintiff has the burden of proof to establish jurisdiction, her factual allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim," *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (cleaned up).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N.D. Cal.*, 426 U.S. 394, 402 (1976). It is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Council of & for the Blind of Del. Cty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983). Thus, mandamus will be issued only to compel the performance of "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The "law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *13th Reg'l Corp. v. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). If no such duty exists, the court lacks subject-matter jurisdiction. *Lovitky v. Trump*, 949 F.3d 753, 758, 760, 763 (D.C. Cir. 2020).

The Court lacks subject-matter jurisdiction here because Arness has not identified a clear, nondiscretionary duty on the part of the AFDRB to take any further action on his application. Indeed, the parties seem to agree that the AFDRB has *no* duty to give a petitioner a second chance when the AFBCMR—the "highest level of administrative review in the Air Force"—has already adjudicated her request for relief. ECF No. 1 ¶ 19. And in his Opposition, Arness does not directly dispute that his application to the AFBCMR included a request to upgrade his discharge from service, the relief he now requests. *See also id.* ¶¶ 11, 13; ECF No. 16-2 at 3. Switching gears somewhat, Arness cites the various statutes and regulations that establish the

4

AFDRB and its review procedures as the potential source of a duty to review his petition.  ECF No. 18 at 3–5.  But none of them say that.  These authorities state only that a former member of the military may "request" review, 10 U.S.C. § 1553, and that the AFDRB has "discretion" to review the "merits of each application on a case-by-case basis," 32 C.F.R. § 70.9; *see also id.* § 865.105(a), 865.106(j).  Simply put, Arness has not identified the sort of clear, nondiscretionary duty that provides this Court subject-matter jurisdiction over a petition for mandamus.

For all the above reasons, Respondents' Motion to Dismiss, ECF No. 16, will be granted.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 5, 2021